UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAVIER A. MAYORGA<br>7460 Carriage Hills Drive<br>McLean, Virginia 22102<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN T. AYERS,<br>Architect of the Capitol<br>Office of the Architect of the Capitol<br>   U.S. Capitol<br>   Washington, D.C. 20515<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

### Introduction

1. Plaintiff Javier Mayorga brings this civil action pursuant to Title IV of the Congressional Accountability Act of 1995, 2 U.S.C. § 1311, 1317(a)(1), which provides employees of the instrumentalities of Congress, including the Architect of the Capitol, with the rights and protections against discrimination in employment afforded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2. Mr. Mayorga alleges that he has been and continues to be subjected to employment discrimination based on his race and national origin.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 2 U.S.C. 1408(a). Plaintiff has fully exhausted his available administrative remedies. He completed counseling and mediation ended on July 6, 2015, which is more than 30 and less than 90 days before filing this civil action.

## Parties

3.      Plaintiff Javier A. Mayorga (hereinafter "Mr. Mayorga" or "plaintiff") is a Hispanic citizen of the United States and of Virginia. His nation of origin is Nicaragua. He is currently employed by the Architect of the Capitol and has worked for that agency since November 20, 2007.

4.      Defendant Stephen T. Ayers, is the Architect of the Capitol and as such is the head of that organization, which is an independent agency within the Legislative Branch of the government of the United States that has had more than 500 employees in at least 20 calendar weeks in each year since 2005. As such, Mr. Ayers is responsible for the personnel actions, omissions and practices within Architect of the Capitol. He is here sued only in his official capacity as Architect of the Capitol.

## Statement of Facts

5.      Mr. Mayorga is a Direct Digital Control (DDC) Certified Engineer Building Automation. He has 18 years of experience working in Building Automation Systems and HVAC and holds several Certificates in those fields. Mr. Mayorga earned an Associates Degree in Information Technology (Networking) in June 2003.

6.      For the past eight years, Mr. Mayorga has worked for the Architect of the Capitol as an Electronic Industrial Controls Mechanic in Building Automation Systems at the WG-12 level. His supervisors rated his performance on Building Automation Systems as "Outstanding" on his last two performance appraisals and he has received numerous awards over the past several years.

7.      In the summer of 2014, Mr. Mayorga applied for a promotion to the GS-11 position as an Electronics Technician (Building Automation System), Vacancy Number PPM-

2014-191.

8. Mr. Mayorga was the most qualified applicant for the position but was not selected because of his race and national origin. He learned that he was not selected on November 28, 2014.

9. Instead, the all-white panel selected two white employees with less experience and education than Mr. Mayorga.

10. Mr. Mayorga was told that his qualifications on paper were better than both selectees, but that he did not do well in the interview. During the interview, however, the white interview panelists appeared to have already made up their minds as they did not listen to Mr. Mayorga's responses to their questions. One panel member did not ask him any questions at all.

## Statement of Claim

11. Defendant's failure to promote and pay Mr. Mayorga at the GS-11 level from November 2014 to the present constitutes racial and national origin discrimination and, as such, is prohibited by Title VII of the Civil Rights Act of 1964, and therefore violates Title IV of the Congressional Accountability Act.

12. As a direct and proximate result of the defendant's unlawful race discrimination, Mr. Mayorga has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as physical and emotional pain.

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in his favor and against defendant on claim brought herein and provide him with the following relief:

(a) enter judgment in his favor and against defendant on each of the claims contained

(b)    in this civil action;

(b)    award plaintiff compensatory damages against defendant to the fullest extent allowable (with interest thereon);

(c)    order defendant to transfer plaintiff to a GS-11 position;

(d)    order defendant to retroactively reassign plaintiff to a GS-11 electronic controls position from November 28, 2014 to the present, with back pay and other benefits;

(e)    enjoin defendant from discriminating or retaliating against plaintiff in the future;

(f)    award plaintiff his costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 2 U.S.C. § 1361(a) and 42 U.S.C. § 2000e-5(k);

(g)    award such other and further relief as the Court may deem just and appropriate.

### Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

*/s/ Ellen K. Renaud*

Ellen K. Renaud (D.C. Bar No. 479376)
Richard L. Swick (D.C. Bar No. 936930)
SWICK & SHAPIRO, P.C.
11101 15th Street, N.W.
Suite 205
Washington, D.C. 20005
Tel. (202) 842-0300
FAX (202) 842-1418

Attorney for Plaintiff