UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAVIER A. MAYORGA,

*Plaintiff,*

v.

THOMAS CARROLL,
Architect of the Capitol,

*Defendant.*

Civil Action No. 15-1604 (BAH)

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Javier Mayorga, and Defendant, the Architect of the Capitol ("Architect"), each

by undersigned counsel, hereby agree and stipulate that the above-captioned civil action shall be

settled and dismissed on the following terms:

1.    Settlement Payment. Pursuant to Sections 414 and 415 of the Congressional

Accountability Act, 2 U.S.C. §§ 1414-1415, and upon review and formal approval by the Office

of Congressional Workplace Rights ("OCWR") Executive Director, which has been obtained as

evidenced by her signature below, the defendant shall pay plaintiff the total sum of One hundred

fifty-nine thousand two-hundred and forty-seven dollars ($159,247.00), without deduction or

withholding. This settlement payment includes one hundred and five thousand dollars

($105,000.00) in full and final satisfaction of plaintiff's claims for attorneys' fees, costs, and other

litigation expenses in this case, and defendant shall have no further liability for those fees, costs,

or expenses. The payment of the foregoing sum shall be made by wire transfer payable to Swick

& Shapiro, P.C.'s Trust Account, in accordance with information that will be provided by

plaintiff's counsel contemporaneously with the execution of this Stipulation.    Plaintiff and

plaintiff's counsel shall be responsible for the distribution of the payment among themselves. The

Parties understand that the government will not be responsible for the payment of taxes on the amounts paid to Plaintiff and/or his counsel under this Stipulation.

2.    Defendant shall amend plaintiff's Official Personnel Folder to reflect his conversion to the position of Electronics Technician in the Energy Management Control Systems Branch at the grade GS-11 step 5 level effective November 29, 2014. Defendant shall also amend plaintiff's Official Personnel Folder to reflect his current position to be Electronics Technician in the Energy Management Control Systems Branch at the GS-11 step 7 level effective November 2018. Plaintiff waives all back pay, cost-of-living increases, or other payments to which he may have been entitled on account of these amendments.

3.    OWBPA Compliance. Plaintiff acknowledges that he has been given at least twenty-one (21) calendar days within which to consider this Stipulation, and that the waiver of his rights and claims hereunder is a knowing and voluntary waiver. Plaintiff may revoke his agreement to this Stipulation during the seven (7) calendar day period following his execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By his signature below, plaintiff's counsel represents that: (i) he has served as plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A)–(G) have been fully satisfied in connection with this settlement agreement.

4.    Dismissal with Prejudice. Unless plaintiff timely exercises his right to rescind this Stipulation as provided in Paragraph 3 hereof, defendant's counsel may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date

on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

5.    Release. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in the above-captioned civil action including without limitation all claims for compensatory damages, back pay, front pay, costs, attorneys' fees, and interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Architect, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the defendant, the Architect, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which he has executed this Stipulation, including without limitation any rights or claims under the Congressional Accountability Act, the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, plaintiff acknowledges that he is aware that he may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those

3

which he now knows with respect to the rights and claims released herein. Nevertheless, plaintiff agrees, through this Stipulation, to settle and release all such rights and claims including any claims involving alleged discriminatory compensation decisions or practices that occurred before the date plaintiff signs this Stipulation which may affect plaintiff's future compensation.

6.    No Assignment. Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein except any assignment to his attorneys, Swick & Shapiro, P.C.. Plaintiff shall indemnify, hold harmless, and defend the defendant, the Architect, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7.    No Admission of Liability. This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Architect, or any of the Architect's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either

4

in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.    Tax Consequences. Plaintiff acknowledges that he has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

9.    Entire Agreement. This Stipulation and the December 4, 2019, letter issued pursuant to Paragraph 6 of the parties term sheet dated November 13, 2019, contain the entire agreement between the parties and supersede all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth in this Stipulation and the referenced December 4, 2019, letter, and no representation or understanding, whether written or oral, that is not expressly set forth in this Stipulation and the referenced letter shall be enforced or otherwise be given any force or effect in connection herewith.

10.    Amendments. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

11.    Construction. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

5

12.    Headings. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13.    Severability. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

14.    Further Assurances. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

15.    Right to Cure. If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

16.    Notices. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

If to plaintiff:        Ellen K. Renaud
                        SWICK & SHAPIRO, P.C.
                        1101 15th Street, N.W., Suite 205
                        Washington, District of Columbia 20005
                        ekrenaud@swickandshapiro.com

6

If to defendant:    Donald S. Harris
                    Associate General Counsel
                    Architect of the Capitol
                    Office of General Counsel
                    2nd & D Streets, S.W., Room H2-202
                    Washington, District of Columbia 20515
                    doharris@aoc.gov

with copy to:       Johnny H. Walker
                    Assistant United States Attorney
                    United States Attorney's Office
                    555 4th Street, N.W.
                    Washington, District of Columbia 20530
                    johnny.walker@usdoj.gov

17.    Execution. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. An electronic scan or other duplicate of a signature shall have the same effect as a manually-executed original.

18.    Governing Law. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19.    Binding Effect. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 3 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Javier Mayorga

*Plaintiff*

Dated: 12/18/2019

Ellen K. Renaud, D.C. Bar #479376
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, District of Columbia 20005
Telephone: 202-842-0300
ekrenaud@swickandshapiro.com

*Counsel for Plaintiff*

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:

JOHNNY H. WALKER, D.C. Bar # 991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

*Counsel for Defendant*

Dated: 12|18|2019

I have reviewed this settlement agreement and have determined that, on its face, it satisfies the requirements of section 9.03 of the OWCR's Procedural Rules, and section 414 of the Congressional Accountability Act. Accordingly, this agreement is hereby approved.

Dated: January 6, 2020

SUSAN TSUI GRUNDMANN
Executive Director
Office of Congressional
Workplace Rights

SO ORDERED on this 6th day of January, 2020

The Honorable Beryl A. Howell
CHIEF JUDGE

8